# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0265V
UNPUBLISHED

MARIE STARK,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: May 9, 2022

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Influenza (Flu) Vaccine;
Shoulder Injury Related to Vaccine
Administration (SIRVA)

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for
Petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On January 7, 2021, Marie Stark filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on November 6, 2019. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, she experienced sequela of her condition for more than six months, and neither Petitioner nor any other party has received compensation in the form of an award or settlement for her vaccine-related injury. Petition at ¶¶ 3, 5; Ex. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 5, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner had no history of pain, inflammation or dysfunction in her left shoulder; her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms." *Id.* at 4. Respondent further agrees that the record indicates that "petitioner has satisfied the statutory requirement that petitioner's injury lasted for at least six months . . . . [and] based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master